**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                      Case No. 98-cr-086-01-JD

Leroy Davis

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 23).  For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The defendant pled guilty to a three count Indictment charging him with Distribution of Cocaine and Cocaine Base and Aiding and Abetting the Distribution of Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The presentence report (using the November 1, 1998 edition of the Guidelines Manual) determined the defendant was responsible for 2.24 grams of cocaine base, which resulted in a base offense level of 20. After a three level reduction for acceptance of responsibility, the defendant's adjusted offense level was determined to be 17.

2

Pursuant to USSG §4B1.1, the defendant was determined to be a career offender which resulted in a new base offense level of 32 and a total offense level of 29 (after applying a three level reduction for acceptance of responsibility).  The defendant's criminal history was determined to be VI and his advisory guideline range to be 151 to 188 months.  At sentencing, the court adopted the facts and findings in the presentence report and sentenced the defendant to 151 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 5 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in his initial base offense level from level 20 to level 18.  There is no reduction in his total offense level or guideline imprisonment range, however, because the defendant was determined to be a career offender.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's guideline range.

3

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 23) is DENIED.

**SO ORDERED.**


Date: April 24, 2008        /s/Joseph A. DiClerico, Jr.
                            Joseph A. DiClerico, Jr.
                            United States District Judge


cc:  Leroy Davis, pro se
     Counsel of Record